# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:15-CV-044-GCM-DCK

| | |
|---|---|
| TIMOTHY WALTER SHEW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **MEMORANDUM AND** ) **RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 11) and "Defendant's Motion For Summary Judgment Pursuant To Rule 56 Of The Federal Rules Of Civil Procedure" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment Pursuant To Rule 56 Of The Federal Rules Of Civil Procedure" be denied; that the Commissioner's decision be vacated; and the cause be remanded for further consideration.

## I. BACKGROUND

Plaintiff Timothy Walter Shew ("Plaintiff"), through counsel, seeks judicial review of a partially favorable administrative decision on his application for disability benefits. (Document No. 1). Specifically, Plaintiff asks this Court to find him disabled for the period from January 10, 2013 to December 12, 2013. Id. On October 16, 2012, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383,

alleging an inability to work due to a disabling condition beginning January 15, 2009. (Transcript of the Record of Proceedings ("Tr.") 13). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on December 4, 2012, and again after reconsideration on May 1, 2013. (Tr. 13, 81-84, 88-89). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition will not remain severe enough for 12 continuous months to be considered disabling. Although the condition is severe, it is not expected to remain disabling for at least twelve continuous months as the law requires. Though you will be unable to meet the functional demands of your past job as chicken plant laborer as you have described it, other information shows that you will retain the functional capacity to meet the functional demands of this job as it is generally performed. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 88).

Plaintiff filed a timely written request for a hearing on June 18, 2013. (Tr. 13, 95-97). On January 22, 2014, Plaintiff appeared and testified at a hearing before Administrative Law Judge Charles J. Arnold ("ALJ"). (Tr. 13, 25-53). In addition, Timothy Shaner, a vocational expert ("VE"), and Daniel S. Johnson, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued a partially favorable decision on January 29, 2014, denying Plaintiff's claim in part. (Tr. 9-11, 13-20). The ALJ determined that Plaintiff was not disabled prior to December 13, 2013, but became disabled on that date and continued to be disabled through the date of his decision. (Tr. 13).

On February 11, 2014, Plaintiff filed a request for review of the ALJ's decision, arguing that he should have been found disabled as of January 10, 2013, when he was diagnosed with a tumor on his spine. (Tr. 6). Plaintiff's request for review was denied by the Appeals Council on

March 20, 2015. (Tr. 1-3, 6). The January 29, 2014 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on April 6, 2015. (Document No. 1). On May 1, 2015, the undersigned was assigned to this case as the referral Magistrate Judge.

"Plaintiff's Motion For Summary Judgment" (Document No. 11) and "Memorandum In Support Of Plaintiff's Motion For Summary Judgment" (Document No. 12) were filed August 3, 2015; and "Defendant's Motion For Summary Judgment Pursuant To Rule 56 Of The Federal Rules Of Civil Procedure" (Document No. 13) and "Memorandum In Support Of Defendant's Motion For Summary Judgment Pursuant To Rule 56 Of The Federal Rules Of Civil Procedure" (Document No. 14) were filed September 29, 2015. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-mc-198-FDW, Document No. 1 (W.D.N.C. Dec. 23, 2013).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner − so long as that decision is

3

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time from January 15, 2009 through the date of his decision.[1] (Tr. 13). To establish entitlement to benefits, Plaintiff has the burden of proving

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 19).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since January 15, 2009, his alleged disability onset date. (Tr. 15). At the second step, the ALJ

found that history of lumbar laminectomy and tumor and osteoarthritis were severe impairments.[2] (Tr. 15). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 16).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform a range of sedentary work activity, with the following limitations:

> Restricted to sedentary work occasionally bending, twisting, climbing, crawling, squatting, stooping, kneeling, and crouching.

(Tr. 16). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR § 404.1529 and SSRs 96-4p and 96-7p." Id. At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as unskilled. (Tr. 17).

At step five, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 18). The ALJ noted that if Plaintiff had the residual functional capacity to perform the full range of sedentary work, prior to December 13, 2013, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.21. Id. The VE testified that according to the factors given by the ALJ, occupations claimant could perform included packager, assembler, and inspector. (Tr. 18-19). After finding that there were jobs that Plaintiff could perform, the ALJ noted that at the time of the hearing,

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

Plaintiff was one month from turning fifty years old, and therefore approaching advanced age. (Tr. 19). The ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time prior to December 13, 2013, but based on a change in his age category, the Medical-Vocational Guidelines directed a finding of "disabled" as of December 13, 2013. (Tr. 18-19) (citing Medical-Vocations Rule 201.14).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in finding Plaintiff's impairments did not meet or equal Listing 1.04 as of the diagnosis of Plaintiff's tumor on January 10, 2013; and (2) the ALJ erred in determining the RFC for the time period from January 10, 2013 to December 12, 2013. (Document No. 11, pp. 6-7). Since Plaintiff does not assign error for the ALJ finding no disability prior to January 10, 2013, the undersigned will only consider whether the ALJ's decision to find Plaintiff not disabled for the period from January 10, 2013 to December 12, 2013 was supported by substantial evidence. The undersigned will discuss each of these contentions in turn.

**A.      Plaintiff's Impairments and Listing 1.04(A).**

In his first assignment of error, Plaintiff argues that at the time Plaintiff's tumor was diagnosed in January 2013 and thereafter, his back condition met or equaled Listing 1.04. (Document No. 12, p. 6). Listing 1.04 addresses disorders of the spine resulting in compromise of a nerve root. 20 C.F.R. § 404 Subpart P Appendix 1 § 104A. Plaintiff alleges that his medical records indicate he experienced neuro-anatomic distribution of pain from his back into his lower extremities, and he had lost strength and balance in his legs, which he argues to be symptoms of nerve compression. (Document No. 12, p. 6). Plaintiff further argues that he had a positive straight leg raising test, and he required an assistive device to walk before and after discovery of the tumor

(Tr. 183, 413). On these bases, Plaintiff claims to have met or equaled Listing 1.04. (Document No. 12, p. 6).

In response, Defendant asserts that Plaintiff has failed to satisfy his burden of proving that he met or equaled Listing 1.04. (Document No. 14, p. 4) (citing Radford v. Colvin, 734 F.3d 288, 291 (4th Cir. 2013) (stating the claimant bears the burden of proof through step four of the sequential process)).

Defendant concedes Plaintiff has a disorder of the spine, but contends that Plaintiff does not point to a medical diagnosis or other medical evidence that he had nerve root compression characterized by all the requirements of Listing 1.04(A). (Document No. 14, p. 5) (emphasis omitted). Defendant further contends that the assertions of symptoms are not accompanied by citations to the medical record. (Document No. 14, p. 5). Addressing the positive straight-leg-raising test specifically, Defendant notes that the test took place on January 8, 2013, before the February 15, 2013 surgery that the ALJ found yielded sufficient improvement to work. (Tr. 16-19, 366, 398).

Although this case presents a close call, the undersigned is not persuaded that substantial evidence supports the ALJ's finding that Plaintiff's condition did not meet or equal Listing 1.04 during the disputed time period.

The Fourth Circuit's holding in Radford v. Colvin is instructive. In Radford, the ALJ denied Plaintiff's claim, determining that Plaintiff's severe impairments did not qualify under Listing 1.04(A). Radford v. Colvin, 734 F.3d 288, 291-292 (4th Cir. 2013). "The ALJ provided no basis for his conclusion, except to say that he had considered, in particular," the listings, and that "state medical examiners had also concluded after reviewing the evidence that no listing [was] met or equaled." Id. at 292 (internal quotations omitted). The Fourth Circuit vacated and

remanded the case, holding the claimant need not show each symptom under Listing 1.04(A) was present either simultaneously or in particularly close proximity. Id. at 294.

Here, the ALJ states that "the medical evidence does not establish the requisite evidence of nerve root compression" for determining if Plaintiff meets a listing. (Tr. 17). The ALJ further states "there is no evidence that a combination of the claimant's impairments equals a listing." Id. The undersigned is not convinced that the ALJ relied on substantial evidence to support a decision that Plaintiff was not disabled between January and December 2013. See (Tr. 17). While the ALJ notes that Plaintiff's "walking and gait improved" after the February 2013 surgery, he also notes continuing pain, and likely worsening symptoms during the time period in question. Id. As written, the Court is unable to discern how the ALJ determined that Plaintiff's condition sufficiently improved to return to work.

The undersigned is persuaded that the ALJ has failed to adequately develop the record to make a determination supported by substantial evidence as to whether or not Plaintiff's condition met or equaled a listing for the period in question.

**B.     Residual Functional Capacity From January 10, 2013 To December 12, 2013**

Next, Plaintiff alleges that the ALJ should not have found him capable of doing sedentary work, with certain postural limitations, following the diagnosis of his spinal tumor. (Document No. 12, p. 7). Plaintiff asserts the appropriate disability onset date is January 10, 2013, the same date on which Plaintiff underwent an MRI of his lumbar spine, revealing a mass extending over his vertebrae. (Document No. 12, p. 10) (citing Tr. 373).

Plaintiff offered evidence from medical history to support his contention that substantial evidence did not exist for the ALJ to provide an alleged disability onset date of December 13, 2013. In a visit to the Spine Clinic at Wake Forest University Baptist Medical Center on January

15, 2013, Plaintiff described needing to use a cane to walk and only being able to walk twenty to thirty paces. (Document No. 12, pp. 2-3) (citing Tr. 374-375). On February 15, 2013, Plaintiff underwent a laminectomy, and subsequently participated in physical therapy until June 2013. (Document No. 12, p. 3) (citing Tr. 398, 426). According to the physical therapist, Plaintiff was only able to walk with assistance of a cane or crutches. (Document No. 12, p. 3) (citing Tr. 413). Plaintiff also notes the ALJ recognized Plaintiff's condition was not likely to improve until a potential follow-up surgery from his review of the medical evidence. (Document No. 12, p. 8) (citing Tr. 17).

Plaintiff also contends that his day-to-day activities indicated he could not perform work on a regular and sustained basis. (Document No. 12, p. 8). He could only sit for twenty to thirty minutes at a time, and had difficulty standing for any length of time. (Document No. 12, p. 3) (citing Tr. 36). He also described needing assistance in his home with household activities such as cooking, washing dishes and clothes, and getting dressed. (Document No. 12, p. 8) (citing Tr. 40). Plaintiff also asserted he would take breaks and lie down daily for one to three hours to attempt to alleviate pain in his back. (Document No. 12, p. 8) (citing Tr. 42-43). Plaintiff argues that the vocational expert in this case opined that his need for extended breaks would not be tolerated in competitive employment. (Document No. 12, p. 8) (citing Tr. 51).

In response, Defendant asserts that Plaintiff has not offered evidence that proves limitation in excess of the RFC finding. (Document No. 14, p. 8). Specifically, Defendant notes the ALJ found Plaintiff's condition had improved after the February 2013 laminectomy and with physical therapy. (Document No. 14, p. 8) (citing Tr. 17). Defendant further asserts that, given the improved condition the ALJ found, Plaintiff could work after the February 2013 surgery in

accordance with his RFC determined by the ALJ until December 13, 2013. (Document No. 14, p. 10) (citing Tr. 17).

Moreover, Defendant argues that the ALJ's statement that "Plaintiff's condition was not likely to improve until a potential follow up surgery" pertained to the period after the recurrence of Plaintiff's tumor in December 2013. (Document No. 14, p. 10) (citing Tr. 17, 19).

Defendant also contests Plaintiff's assertion that he needed assistance from a cane or crutches to walk and he also continued to suffer from severe pain. (Document No. 14, pp. 8-9). Defendant argues that "there must be medical documentation establishing the need for a hand-held device to aid in walking or standing, and describing the circumstances for which it is needed." (Document No. 14, p. 9) (citing SSR 96-9p, 1996 WL 374185, at *7 (SSA July 2, 1996)). Defendant further argues that Plaintiff was able to "ambulate reciprocally with or without Single Point Cane" on June 5, 2013. (Document No. 14, p. 9) (citing Tr. 412). Defendant also points out that Plaintiff reported a subjective pain rating of 2/10 for his back during the process of physical therapy that same day. (Document No. 14, p. 8) (citing Tr. 412).

Sedentary work is defined as:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). In his decision, the ALJ determined Plaintiff's "ability to perform all or substantially all of the requirements of [sedentary] work was impeded by additional limitations." (Tr. 18). Specifically, the ALJ found Plaintiff's RFC to be "restricted to sedentary work occasionally bending, twisting, climbing, crawling, squatting, stooping, kneeling, and crouching." (Tr. 16).

11

In determining Plaintiff's RFC, the ALJ considered that claimant had testified to difficulties walking, bending, kneeling, and using a recommended cane, as well as Plaintiff's testimony that he is only able to stand or sit 20-30 minutes at a time. Id. He also considered the MRI of Plaintiff's spine in January 2013. (Tr. 17) (citing Tr. 371-373).

The ALJ's decision notes improvement in Plaintiff's condition, noting "limited relief" from physical therapy. (Tr. 17) (citing Tr. 390-411). The decision also observes that the physical therapy notes from June 2013 indicated continued intermittent back pain. (Tr. 17) (citing Tr. 412-425). Additionally, the ALJ considered improvement in Plaintiff's walking and gait despite continual lower back pain. (Tr. 17) (citing Tr. 426-434).

Based on the foregoing, including the conclusions above pertaining to step three, the undersigned is not persuaded that the ALJ decision indicates that substantial evidence supports his finding that Plaintiff's RFC included the ability to do sedentary work with certain restrictions on movement during the disputed period. In particular, the undersigned is not convinced the ALJ's conclusion that Plaintiff can do sedentary work adequately accounts for Plaintiff's arguments that he is unable to sit for more than 20-30 minutes at a time, and needs to lie down for 1-3 hours to relieve back pain. See (Document No. 12, p. 3) (citing Tr. 36, 42-43).

The ALJ's conclusion may ultimately be correct; however, the undersigned will recommend that this matter be remanded for further consideration and explanation.

### IV. CONCLUSION

The undersigned finds that there is not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not support the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the

Commissioner's decision be vacated, and the cause be remanded to the Social Security Administration for rehearing consistent with the findings above.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 11) be **DENIED**; "Defendant's Motion For Summary Judgment Pursuant To Rule 56 Of The Federal Rules Of Civil Procedure" (Document No. 13) be **DENIED**; the Commissioner's determination be **VACATED**; and the cause be **REMANDED** for rehearing consistent with the findings above.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: June 15, 2016

David C. Keesler
United States Magistrate Judge